PER CURIAM.
Appellants, two of the children of O. M. and Esther Mae Hingson, seek review of a final judgment quieting title in appellee to 130 acres of land. The sole issue on appeal is whether appellee acquired title by adverse possession to a 70 acre parcel of the land which had constituted homestead property of O. M. Hingson. No issue has been raised in this court concerning the remaining 60 acres of the 130 acre parcel.
O. M. Hingson originally acquired title to the 70 acre homestead ■ parcel in his name. In October 1959, O. M. Hingson, joined by his wife, Esther Mae Hingson, for no consideration, attempted to create by deed an estate by the entireties in the 70 acre parcel. At the death of O. M. Hingson, he was survived by his widow, Esther Mae, and several lineal descendants, including appellants. Subsequently, in March 1964, Esther Mae Hingson attempted to convey to appel-lee by a warranty deed a fee simple interest in a parcel of land which included the 70 acre homestead parcel. Appellee went into possession of the homestead property pursuant to the deed, farmed the property, paid taxes thereon, and subsequently mortgaged the property. In September 1977, appellee brought the present action to quiet title to this property contending title had vested in him by virtue of adverse possession under color of title. The trial court found that appellee had perfected title to the homestead property in 1973, seven years after the statute of limitations began to run against appellants in 1966. We reverse.
The parties agree that upon the death of O. M. Hingson, Esther Mae Hingson took a life estate in the 70 acre parcel of the homestead property while a vested remainder in such property accrued to appellants as lineal descendants of O. M. and Esther Mae Hingson. Further, the parties acknowledge that as a general rule, neither the statute of limitations, laches, nor estop-pel will run against a remainderman prior to the termination of the life estate. However, appellee urges, and the trial court so found, that the exception to this general rule, enunciated in Commercial Building Company v. Parslow, 93 Fla. 143, 112 So. 378 (1927), governs the present case. In Commercial Building Company v. Parslow, the Supreme Court held that:
The [general] rule may not apply where it is shown that the remain-derman had actual knowledge of the repudiation or abandonment by the life tenant of his status as such, and of the holding by him of the property under a different and adverse right, or where the life tenant, in good faith and to the *427 knowledge of the remainderman, claims title, not as a life tenant, but through some other source, or where there has been ouster and disseisin of the life tenant or by one claiming by, through or under him, and this under claim of right or color of title followed by adverse possession for the statutory period, or when there is some special independent equity in favor of the purchaser who claims under a conveyance from the life tenant. . . . Id., 112 So. at 381.
We find the exception enunciated in Commercial Building Company v. Parslow inapplicable to the facts, sub judice.
The trial court’s application of the Par-slow exception was predicated upon his findings that:
[A]s early as 1966, both Defendants knew that Esther Mae Hingson had conveyed the entire one hundred thirty acres to the Plaintiff, Harold Landen; thereafter, both Defendants acknowledged that Plaintiff, Harold Landen, held out the one hundred thirty acres as his own, paid the taxes thereon, mortgaged, farmed, and maintained same as his own * * * Defendants [,]... in-laws of the Plaintiff [,]... were well aware of his open, notorious and exclusive possession of said property since 1966. . . .
We find that none of the facts enumerated above nor none contained in the record were necessarily inconsistent with the life estate held by appellee by virtue of the deed from the life tenant, Esther Mae Hingson. The facts do not support a finding that it was clearly brought home to the remaindermen/appellants that either Esther Mae Hingson or appellee, claiming title through Esther Mae Hingson, had repudiated or abandoned his status as a life tenant. The facts do not show actual knowledge by the remaindermen that Esther Mae Hing-son had purported to transfer to appellee a fee simple interest in the property. Since the life estate had not “fallen in” and since knowledge of the adverse claim of title was not brought home to the remaindermen, the statute of limitations did not run against the remaindermen/appellants.
Accordingly, that portion of the final judgment quieting title to the 70 acre parcel in appellee is reversed and the cause is remanded for entry of a judgment in accordance with the principles stated herein.
McCORD, C. J., and MELVIN and BOOTH, JJ., concur.